

**Trenk · DiPasquale**
Webster · Della Fera · Sodono

Attorneys at Law

West Orange - Red Bank
347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052

P (973) 243-8600
F (973) 243-8677

www.trenklawfirm.com

March 22, 2010

<u>Via ECF and First-Class Mail</u>

Honorable I. Leo Glasser, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers Room #921 South
Brooklyn, New York 11201

    Re:   Lauer v. Saybolt LP, et al.
           Civil Action No. 09-3442 (ILG) (RML)

Dear Judge Glasser:

Our firm represents defendants Saybolt LP, Core Laboratories LP, and Core Laboratories, Inc. (collectively, "Defendants") in the above-referenced matter. Kindly accept this correspondence in lieu of a more formal submission in response to Plaintiff's Third Notice of Supplemental Authority in Support of Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, which is currently pending before Your Honor.

Plaintiff submits the recent decision issued by the United States District Court for the Western District of Washington in

Richard D. Trenk ■ Joseph J. DiPasquale ■ Elnardo J. Webster, II ■ Sam Della Fera, Jr. ■ Anthony Sodono, III
Henry M. Karwowski ■ Joshua H. Raymond ■ Thomas M. Walsh ■ Joseph Maddaloni, Jr. ■ John M. McDonnell
Gina R. Orosz ■ Shoshana Schiff ■ John F. Newman ■ Joni Noble McDonnell ■ Brian T. Crowley
Jennifer M. Carrilo-Perez ■ Michele M. Dudas ■ Jodi M. Luciani ■ Mark Y. Moon
Scott J. Koplik ■ Adam D. Wolper ■ Joao F. Magalhaes ■ E. Pricilla Mori

the matter of Monahan v. Emerald Performance Materials, LLC, 2010 WL 72403 (W.D. Wash. Feb. 25, 2010), in support of the proposition that the Collective Bargaining Agreement ("CBA") that covered Plaintiff's employment with Defendant Saybolt LP does not pre-empt Plaintiff's state law claims as argued by Defendants in the Motion to Dismiss. Plaintiff, however, extrapolates the Court's ruling in Monahan, well-beyond the actual holding rendered by the Court.

The CBA at issue in Monahan, contained a provision establishing the fluctuating work week as the method of payment for overtime and providing examples of how the fluctuating work week operated. Id. at **1-2. At this point the similarity between the CBA at issue in Monahan, and the one at issue in the matter sub judice ends. That is, there is no indication or reference in the Court's opinion in Monahan, that the CBA at issue in that case included additional relevant provisions defining "hours of work," "time worked" or "premium pay," which had to be interpreted and/or applied before any determination could be made regarding eligibility for overtime or the amount of overtime to be paid. Rather, the Court in Monahan, addressed only the provision in the CBA that established the fluctuating work week as the method for providing overtime and concluded

Honorable I. Leo Glasser, U.S.D.J.
United States District Court
March 22, 2010
Page 3

that "[n]o further interpretation of [that] provision is necessary or possible." Id. at *7. Consequently, the Court further concluded that "[b]ecause the interpretation of a CBA is not required, the state claims are not pre-empted in this case." Id. (citations omitted).

In stark contrast to the CBA at issue in Monahan, the CBA at issue in this matter contains a number of additional and relevant provisions that must be interpreted and/or applied before Plaintiff's claims can be addressed. As thoroughly set forth in Defendants' moving and reply briefs, among the other terms and conditions of employment governed by the CBA is the definition of "hours worked" and "time worked" which is critical to any determination of whether Plaintiff worked in excess of forty (40) hours thereby entitling him to overtime payments, or whether he worked hours that entitled him to "spread of hours" pay.

Further, even if it is determined that Plaintiff's "time worked" entitled him to overtime compensation or "spread of hours" pay as alleged in the Complaint, the subsequent determination of the applicable rate of pay is also linked inextricably to the CBA. That is, the CBA includes numerous provisions that establish premium pay and incentive payments for

certain types of work. Thus, the Plaintiff's regular rate of pay for any particular workweek simply cannot be determined without resorting to the various pay provisions contained in the CBA that governed Plaintiff's employment while he worked for Saybolt.

Based upon the foregoing, Defendants contend that the Court's decision in Monahan, does not alter the outcome in this matter even if it that decision was binding on this Court, which it is not. Unlike the CBA at issue in Monahan, the CBA at issue in this matter contains numerous relevant provisions that must be interpreted and applied before any resolution can be reached regarding Plaintiff's claims. Because the interpretation and application of the CBA is required in this matter, Plaintiff's state claims are pre-empted by the Section 301 of the Labor Management Relations Act. See, e.g., Vera v. Saks & Co., 335 F.3d 109, 114 (2d Cir. 2003) (holding that Section 301 of LMRA preempted employees claims under New York statute and common law) (quoting Allis-Chalmers, 471 U.S. at 220). State law claims are preempted if they require substantial interpretation of a collective bargaining agreement. Id.; see also Salamea v. Macy's East, Inc., 426 F.Supp. 2d 149, 154-55 (S.D.N.Y. 2006) (holding that claims under the New York Labor Law for unpaid

Honorable I. Leo Glasser, U.S.D.J.
United States District Court
March 22, 2010
Page 5

wages were preempted by Section 301 of the LMRA), <u>Heyer v. Morris Okun, Inc.</u>, 2003 WL 21991583, *3 (S.D.N.Y. 2003) (finding plaintiff's wage claim "inextricably intertwined" with the collective bargaining agreement since the agreement established "uniform provisions concerning the hours, wages, and working conditions of the employees").

                Respectfully submitted,

                **TRENK, DiPASQULE, WEBSTER,
DELLA FERA & SODONO, P.C.**

                By: _____
                Joseph Maddaloni, Jr. (JM 1871)

JM/ld

cc: Andrew R. Frisch, Esq. (via ECF and E-Mail)

F:\WPDOCS\A-M\CoreLabs-Saybolt\Lauer v. Saybolt et al\Letters\JudgeGlasser3.doc